# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **CARD VERIFICATION SOLUTIONS, LLC** *Plaintiff* v. **BANK OF AMERICA CORPORATION** *Defendant.* | ) ) ) ) ) ) ) ) ) | Case No.: 1:13-CV-06335 Judge Gary Feinerman |
| **CARD VERIFICATION SOLUTIONS, LLC,** *Plaintiff,* v. **BMO FINANCIAL CORPORATION,** *Defendant*. | ) ) ) ) ) ) ) ) | Case No. 1:13-CV-06337 PATENT CASE |
| **CARD VERIFICATION SOLUTIONS, LLC,** *Plaintiff*, v. **CITIGROUP, INC.,** *Defendant.* | ) ) ) ) ) ) ) ) | Case No. 1:13-CV-06339 PATENT CASE |
| **CARD VERIFICATION SOLUTIONS, LLC,** *Plaintiff,* v. **DISCOVER FINANCIAL SERVICES, INC.,** *Defendant*. | ) ) ) ) ) ) ) ) | Case No. 1:13-CV-06340 PATENT CASE |

**NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO DEFENDANTS'
MOTION TO DISMISS**

Defendants hereby respectfully submit the following supplemental authority[1] that is relevant to arguments made in the briefing concerning Defendants' Motion to Dismiss. The Federal Circuit issued a decision yesterday in *Cyberfone Systems, LLC v. CNN Interactive Group, Inc. et al.,* 2012-1673, -1674 (Fed. Cir. February 26, 2014) (a copy of the slip opinion is attached hereto as Exhibit 1), which directly bears on the issues raised by Defendants in their Motion to Dismiss.

In *Cyberfone*, the Federal Circuit held that the claims of U.S. Patent No. 8,019,060 (the "'060 patent") are directed to ineligible patent subject matter and are invalid under 35 U.S.C. § 101. Exh. 1 at 10. The claims of the '060 Patent are akin to the claims of the '245 Patent asserted by Plaintiff CVS in this matter. Specifically, Claim 1 of the '060 Patent recites the steps of: "(1) 'obtaining data transaction information entered on a telephone from a single transmission from said telephone;' (2) 'forming a plurality of different exploded data transactions . . . formed based on said data transaction information from said single transmission, so that different data from the single data transmission is separated and sent to different destinations;' and (3) 'sending said different exploded data transactions . . . to said different destinations, all based on said data transaction information entered in said single transmission.'" (Exh. 1 at 7) The *Cyberfone* court found that this claim was invalid, because "the idea of collecting information in classified form, then separating and transmitting that information according to its classification, is an abstract idea that is not patent-eligible." *Id.* As explained in Defendants' briefing, the claims of the '245 Patent are almost identically directed to "collecting"

---

[1] Pursuant to the Executive Committee Order (Doc. No. 20), Defendant Citigroup files this Notice of Supplemental Authority, which is substantially the same as that which Defendant BMO Financial Corporation filed in another Card Verification Solution case involving U.S. Patent No. 5,826,245. *See Card Verification Solutions v. BMO Fin. Corp.*, 13-cv-6337 (N.D. Ill.). At the time of this filing, it is unclear as to whether the defendants in the other Card Verification Solution cases will file a similar Notice of Supplemental Authority.

("generating") information, "separating" that information into tokens, and transmitting ("sending") those tokens over a network. The '245 Patent adds an additional step of "verifying" the tokens, but that additional step does not confer patent eligibility – a point which Card Verification Solutions ("CVS") does not contest. *See id.* at 10 ("[T]he mere collection and organization of data…is insufficient to meet the transformation prong of the test.")

In addition, the *Cyberfone* decision belies CVS's argument "that claim construction must precede the § 101 analysis." *Id*. at 7 n. 1. Cyberfone, like CVS, "did not explain which terms require construction… [i]t merely point[ed] to claim language" and failed to explain "how the [§ 101] analysis would change" based on that claim language. *Id.* The Federal Circuit stated in no uncertain terms that "[t]here is no requirement that the district court engage in claim construction before deciding § 101 eligibility." *Id*. (citing *Bancorp Servs. v. Sun Life Assurance Co. of Can.*, 687 F.3d 1266, 1273 (Fed. Cir. 2012)).

Dated: February 27, 2014                Respectfully Submitted,

By:   /s/ Eric J. Andalman
Eric J. Andalman
eric.andalman@dentons.com
DENTONS US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
Phone: (312) 876-8000
Fax: (312) 876-7934

Mark C. Nelson (*pro hac vice*)
mark.nelson@dentons.com
DENTONS US LLP
2000 McKinney Avenue
Suite 1900
Dallas, TX 75201-1858
Phone: (214) 259-0900
Fax: (214) 259-0910

- 4 -

                                      Eric L. Sophir (*pro hac vice*)
                                      eric.sophir@dentons.com
                                      DENTONS US LLP
                                      1301 K Street, NW
                                      Suite 600, East Tower
                                      Washington, DC 20005-3364
                                      Phone: (202) 408-6400
                                      Fax: (202) 408-6399

                                      *Attorneys for Defendant Citigroup, Inc.*

- 5 -

## **CERTIFICATE OF SERVICE**

      I, Eric J. Andalman, an attorney, certify that on February 27, 2014, I electronically filed the foregoing with the Clerk of the Court for the Northern District of Illinois using the ECF System which will send e-mail notification of such filing to all attorneys of record in this action.

                              By: /s/ *Eric J. Andalman*
                                    Eric J. Andalman